UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| TRISTAN JAMES HALL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 16-304-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CITY OF WILLIAMSBURG, | ) | **MEMORANDUM ORDER** |
| KENTUCKY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court issued a Memorandum Opinion and Order on May 24, 2017, granting several motions to dismiss filed by the defendants. [Record No. 110] Plaintiff Tristan Hall ("Hall") has moved for reconsideration [Record No. 142] of this order. He has also filed a motion for sanctions [Record No. 145], and a motion for leave to file a supplemental memorandum [Record No. 147] to his motion for reconsideration. Next, Hall requests an evidentiary hearing in connection with these motions. For the following reasons, Hall's motions will be denied.

**I.**

This case arises out of an anonymous posting on an internet site, Topix, promising payment in exchange for the murder and concealment of Melissa Jones's body. [Record No. 31] Defendant Richard Baxter ("Baxter") arrested Hall in connection with this posting following an investigation which revealed that the post had originated from Hall's IP address. [*Id*. at ¶¶ 21, 25] Hall claims that Baxter obtained an arrest warrant "charging Hall with the crime of 'murder' under KRS 507.020" in May 2013. [*Id*. at ¶ 25] According to the Complaint, this charge was later amended and Hall was indicted on June 17, 2013, for solicitation to

commit murder. [*Id.* at ¶ 31] Some of Hall's claims are based on his contention that his arrest for murder was not supported by probable cause because the victim was not killed as a result of the Topix posting. [*Id.* at ¶ 26]

Baxter filed a motion to dismiss Hall's claims against him, asserting that Hall was charged with solicitation to commit murder rather than murder. [Record No. 34, pp. 3-4] In support, Baxter attached the criminal complaint to his motion which states that Hall created the Topix posting "in violation of KRS 507.020 SOLICITATION TO COMMIT MURDER." [Record No. 34, Ex. 1] Several of the other defendants filed motions to dismiss in which they concurred with Baxter's statement that Hall was charged with solicitation to commit murder rather than murder. [*See* Record No. 36, Ex. 1, p. 2]

Hall filed a joint response to the defendants' motions dismiss in which he maintained that Baxter had originally charged him with murder, but that the charge was later amended to solicitation to commit murder at the time of indictment. [Record No. 55] Hall filed approximately 80 exhibits to accompany his response. [Record Nos. 58-60] These exhibits include several news articles that reported that Hall had been arrested for "murder." [Record No. 58, Ex. 10] Hall also provided two law enforcement reports of the incident that identify the offense at issue as solicitation to commit murder. [Record No. 58, Exs. 7, 8][1] Baxter's report went on to describe the incident and investigation and stated that an "Arrest Warrant for Solicitation to Commit Murder was issued on the accused." [*Id.* at 5] Hall also attached the

---

[1] Both reports list the offense description as "murder," which Hall highlighted in his attached exhibits. However, the reports also list the "ASCF" code as 2. Baxter and Hall have each provided documentation showing that the ASCF 2 code classifies an offense as solicitation. [Record No. 160, Ex. 1; Record No. 195, Ex. 3, p. 10] Accordingly, both reports identify the offense as solicitation to commit murder.

-2-

arrest warrant, which charged the offense of "murder," classified as "solicitation." [Record No. 58, Ex. 9] Additionally, Hall filed a document listing the conditions of his release, which stated the offense as murder. [Record No. 58, Ex. 11] Hall also included the docket sheet for his case, which listed the offense as "SOLICITATION Murder." [Record No. 58, Ex. 13]

In its earlier decision, the Court observed the discrepancy between Hall's Amended Complaint alleging that he had been charged with murder and the criminal complaint that Baxter filed showing the charge as solicitation to commit murder. [Record No. 110, p. 3] Because Hall's allegation was directly contradicted by a public record, the Court declined to assume the truth of Hall's assertion that he was charged with murder. [*Id.*] Instead, the Court relied on the criminal complaint and its representation that Hall had been charged with solicitation to commit murder. [*Id.*]

Hall has now filed a motion for reconsideration of this decision [Record No. 142] and a motion for sanctions. [Record No. 145] Hall again attaches numerous documents to his motions and his replies to the defendants' responses. [*See* Record Nos. 143, 148, 195] According to Hall, these documents prove that he was charged with murder and establish that the defendants committed fraud on the court by asserting otherwise.

## II.

### A. Motion for Reconsideration

Under Rule 54(b) of the Federal Rules of Civil Procedure, a court may revise any order that does not conclude the action.[2] Motions for reconsideration will be granted "if there is a

---

[2] Hall cites Rule 60 of the Federal Rules of Civil Procedure as the basis for the primary relief sought. However, by its, terms, this rule only applies to final judgments. Because the decision that Hall contests was not a final judgment, his motion to reconsider is not evaluated under this rule.

clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *American Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 670 (6th Cir. 2003) (internal quotation marks and citation omitted). A motion for reconsideration cannot be used to raise legal arguments that could have been raised before the court issued its decision. *Shah v. NXP Semiconductors USA, Inc.*, 507 F. App'x 483, 495 (6th Cir. 2012) (citation omitted). Additionally, "a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Id.* (citation mitted).

Hall has failed to introduce any "new evidence." All of the evidence that he now presents was available at the time that he filed his response to the defendants' motions to dismiss. The alleged murder charge was filed in 2013. The majority of the documents that Hall has attached to his motions and replies are court documents that were created several years ago around the time of the charge, well before this Court issued the decision that Hall challenges. These documents are obviously not new evidence. Next, the documents that appear to have been created since the Court's earlier decision (such as criminal records checks and affidavits) all concern events that occurred around the time of the charge. This information thus was also previously available to Hall and is not new evidence. In short, Hall was aware of the factual discrepancy regarding the murder charge at the time that he filed his response and was free to obtain and attach the current exhibits at that time but failed to do so. Hall cannot utilizee a motion to reconsider as a means of retroactively presenting information that could have been presented in the first instance. As a result, the Court will not consider this information and Hall is not entitled to an evidentiary hearing to present it.

Similarly, all of Hall's legal arguments were available when he filed his response to the defendants' motions to dismiss. Hall argues that the defendants committed fraud by asserting that Hall had never been charged with murder and had only been charged with solicitation to commit murder. He then claims that this fraud entitles him to various forms of relief, including setting aside the Court's Order and tolling the statute of limitations for claims that the Court dismissed as time-barred. However, the allegedly fraudulent statements were made in the defendants' motions to dismiss. Hall was clearly aware of these statements at the time that he filed his response to these motions and should have made his responsive arguments then. Indeed, Hall was required to raise his arguments concerning the defendants' motions at that time. That is the purpose of a response. Because Hall could have, but did not, raise his arguments before the Court ruled on the defendants' motions, the arguments are barred. *See Saulte Ste.*, 146 F.3d at 374.

Further, the Court did not commit clear error by concluding that Hall had not been charged with murder, based on the information available at the time of the prior decision. Baxter filed a criminal complaint listing Hall's charge as solicitation to commit murder, not murder. [Record No. 34, Ex. 1] Many of the documents that Hall himself filed corroborate that the charge was for solicitation to commit murder: the arrest warrant, which clearly classifies the murder charge as a solicitation [Record No. 58, Ex. 9]; the docket sheet for his case, which lists Hall's offense as "SOLICITATION Murder" [Record No. 58, Ex. 13]; and the police reports stating that the court issued an arrest warrant for solicitation to commit murder. [Record No. 58, Exs. 7, 8]

However, even if the Court had assumed the truth of Hall's allegation (i.e., that he was charged with murder), that allegation would not have affected the Court's ruling on the motions

to dismiss. Hall argues that the defendants' fraud affects the application of the statutes of limitations and requires a finding that the defendants are not entitled to immunity. Any "fraud" that would have affected the Court's ruling on Hall's claims would have had to have occurred in connection with the conduct on which Hall's claims were based: that is, arresting Hall and prosecuting him. Hall attempts to avoid the Court's ruling based primarily on the defendants' conduct in filing their motions to dismiss, which occurred after Hall had already filed his Complaint. It would be nonsensical to evaluate whether Hall is entitled to relief on his claims based on conduct that did not occur until after the claims had already been filed. Accordingly, Hall's fraud-based statute of limitations and immunity arguments fail.

Additionally, whether Hall was charged with murder or solicitation to commit murder would not have affected the probable cause analysis for the malicious prosecution claim. Hall agrees that he was indicted for solicitation to commit murder, not murder. Hall would not have been able to maintain a malicious prosecution claim based on the murder charge because that charge was amended before indictment—Hall was not actually prosecuted for murder. *See Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (recognizing that the tort of malicious prosecution "encompasses wrongful investigation, prosecution, conviction, and incarceration" and is "entirely distinct" from that of false arrest) (citation omitted). The malicious prosecution claim was based on the charge for which Hall was actually indicted and prosecuted—the solicitation to commit murder charge. The Court's original analysis, therefore, is unaffected by whether Hall was initially charged with murder. Hall is not entitled to relief on his motion for reconsideration.

### B. Motion for Sanctions

Hall's motion for sanctions is also grounded on the contention that the defendants made a fraudulent misrepresentation to the Court based on their statements regarding the murder charge. Sanctions may be appropriate under Federal Rule of Civil Procedure 11 where a party makes a willful misrepresentation or intentionally deceives the court. Fed. R. Civ. P. 11(b), (c). However, "the district court should exercise its inherent power to impose sanctions with restraint and discretion." *Murray v. City of Columbus, Ohio*, 534 F. App'x 479, 485 (6th Cir. 2013). "[T]he court is not required to sanction a party or attorney even if it has determined that some wrongdoing has occurred." *Id*.

Sanctions are not appropriate here. Hall has presented an abundance of documentation, some of which is consistent with his claim that he was charged with murder. However, it remains true that the official documents filed in connection with the motion to dismiss represent the charge as solicitation to commit murder. Most importantly, the actual arrest warrant and uniform citation clearly list the charge as solicitation to commit murder and describe criminal conduct that does not mention a murder.[3] [Record No. 58, Ex. 9; Record No. 195, Ex. 3, p. 18] Hall personally filed this document, along with several others that confirm the solicitation charge.

The only charging documents that Hall has presented that list a murder allegation are a bench warrant and uniform citation issued by a peace officer in December 2013. [Record No.

---

[3] Hall has since filed a uniform citation that appears identical to the other two, except that the "ASCF" code of 2—which classifies the murder as solicitation—has been removed. [Record No. 148, Ex. 1] Defendant Baxter persuasively explained that Hall appears to have doctored this document, as shown by the fact that a portion of the "2" remains visible. [Record No. 149] The Court, therefore, will not consider this document.

195, Ex. 3, pp. 13-14] These documents do not charge Hall with murder but, instead, charge contempt of court based on a bond violation. [*Id.*] While the citation may list Hall's underlying offense as murder,[4] it is qualified by the signing officer's (who is not a defendant in this case) statement that the "Officer has no knowledge of case." [*Id.*] Based on the entirety of the information available to the Court, the existence of the alleged murder charge is possible at best.

In any event, even if Hall had been charged with murder, the record is sufficiently ambiguous that it would be inappropriate to conclude that the defendants behaved vexatiously or abused the judicial process. Hall claims that the defendants knew that he had been charged with murder and committed fraud by informing the Court that Hall had never been charged with that offense. The record does not support this claim. To the contrary, the record suggests that the defendants believed that Hall had only been charged with solicitation to commit murder and presented facts based on this belief. Bad faith has not been demonstrated on the part of the defendants and there is no reason to impose sanctions against them.

**III.**

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. Plaintiff Hall's motion for reconsideration [Record No. 142], including his request for an evidentiary hearing, is **DENIED**.

2. Plaintiff Hall's motion for sanctions [Record No. 145] is **DENIED**.

---

[4] It is unclear whether the arrest warrant actually lists Hall's offense as murder since the ASCF code, which may have classified the murder as solicitation like the other charging documents in this case, appears to have been redacted. [*Id.* at 13]

This 10th day of August, 2017.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge