UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| TRISTAN JAMES HALL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 16-304-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CITY OF WILLIAMSBURG, | ) | **MEMORANDUM OPINION** |
| KENTUCKY, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Tristan Hall has filed a motion to amend the Court's Order denying his motion to stay a ruling. [Record No. 228] He has also filed a motion for an extension of time to respond to the defendants' motion to dismiss and renewed motion for costs. [Record No. 229]

Hall provides four arguments in support of his motion to amend. First, he argues that under Federal Rule of Civil Procedure 6(d), his deadline to file a response to the defendants' pending motion to dismiss and renewed motion for costs should be February 26, 2018, to allow additional time for mailing. [Record No. 228] Second, he asserts that the Court should have construed his motion to stay a ruling as a motion for an extension of time under Rule 6(b). [*Id.*] Third, he contends that he was not required to provide authority in support of his motion to stay a ruling, because controlling authority does not become inapplicable simply because a party fails to cite it. [*Id.* (citing *Schultz v. Tecumseh Prods.*, 310 F.2d 426, 433 (6th Cir. 1962); *Early v. Packer*, 537 U.S. 3, 8 (2002)] Finally, he makes several personal attacks against the undersigned and questions the undersigned's integrity and independence. [*Id.*]

Hall is correct that, to account for service by mail, *pro se* litigants are granted an additional three days to act. Fed. R. Civ. P. 6(d). However, after adding three additional days, Hall's response would have been due by February 26, 2018. That deadline has passed, and Hall has still not responded to the defendants' pending motion. As a result, this issue is moot.

None of Hall's arguments for an extension past February 26, 2018, are persuasive. Although Hall now contends that that the Court should have construed his motion to stay a ruling as a motion for an extension of time under Rule 6(b), he did not in that motion request additional time to respond to the defendants' motion to dismiss and renewed motion for costs. [Record No. 224] Instead, he asked the Court to refrain from ruling on the motion so that he could file "multiple pleadings" aimed at, among other things, re-litigating issues that have already been decided, contesting a separate indictment recently returned against him, and avoiding a final judgment in this case by moving for recusal or a transfer of venue. [Record No. 225] Any such motion would become moot if the defendant's pending motion to dismiss was granted, and so the Court denied Hall's motion, preferring to rule on the defendants' pending motion in the normal course of proceedings and in accordance with the deadlines set forth in the local rules, rather than forcing the parties to incur the costs associated with filing and responding to additional motions. [Record No. 226]

Additionally, the Court noted that Hall did not cite any authority in support of his request to deviate from the standard course of proceedings. [*Id.*] Although Hall is correct that his failure to cite authority would not excuse the Court from following any controlling law, he has still not provided—and the Court has not found—any controlling authority requiring the Court to refrain from ruling on a pending motion so that a party can file additional motions. Hall's citation to *Tolbert v. Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999), is

inapposite. That case discussed the continuing violation doctrine, which may provide a court with jurisdiction over a cause of action which was filed after the limitations period has run, or allow a court to impose liability for acts committed outside the limitations period. *See Nat'l Parks Conservation Ass'n v. Tenn. Valley Auth.*, 480 F.3d 410, 416-17 (6th Cir. 2007) (citing *Gandy v. Sullivan Cty.*, 24 F.3d 861, 864 (6th Cir. 1994)). But that doctrine has no bearing on Hall's request to stay a ruling on the defendants' pending motion.

Hall's personal attacks against the undersigned do not help his cause. It appears that Hall thinks that cases are decided by personal relationships rather than an earnest application of the law to the facts. He previously attempted to curry favor with the Court by stressing his personal connection to the undersigned's former employer. [Record No. 190] Now, he questions the Court's integrity and independence based on a former employment relationship between one of the undersigned's family members and a defendant and attorney that were terminated from this case several months ago. [Record No. 228]

Hall's allegations of partiality and bias are baseless, and do not warrant amending or altering the Court's prior Order. "Normally, a party alleging judicial bias . . . must do so in a timely fashion." *United States v. Nickl*, 427 F.3d 1286, 1297 (10th Cir. 2005). Hall's allegations are anything but timely. He has litigated this case before the undersigned without complaint for over two years, and only began to allege bias after the undersigned entered an Order requiring him to comply with the terms of a settlement agreement that he voluntarily entered into with the defendants. [Record No. 229]

Further, recusal is only required when a judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This is an objective standard, requiring recusal "if a reasonable, objective person, knowing all of the circumstances, would have questioned the

judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990). "[A] judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (citing *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988)). Additionally, "a judge is presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.' The burden is not on the judge to prove that he is impartial." *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (citations omitted).

"Judges are not required to recuse when they have merely a casual relationship with a victim, attorney, witness, or litigant appearing before the court; occupying the bench does not require withdrawal from society." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, 2007 WL 5231709, *4 (D.N.M. 2007). "Merely knowing other persons, including the politically powerful, and being associated with them can take place in many ways, and that alone creates neither an impropriety nor an appearance of partiality. Indeed, aside from relegating judges to an existence akin to that of a monk, they are unavoidable." *Sexson v. Servaas*, 830 F. Supp. 475, 482 (S.D. Ind. 1993). When it comes to family members, a judge must recuse himself when a person within the third degree of relationship to him or his spouse: (i) is a party to the proceeding, or an officer, director, or trustee of a party; (ii) is acting as a lawyer in the proceeding; (iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or (iv) is to the judge's knowledge likely to be a material witness in the proceeding. 28 U.S.C. § 455(b)(5).

Here, Hall's references to the undersigned's casual relationships would not lead a reasonable, objective person, knowing all of the circumstances, to question the undersigned's impartiality. And Hall has not alleged that the undersigned's family member is a party, lawyer,

likely material witness, or person with a substantial interest in this proceeding. Because Hall's allegations of bias are baseless, delaying the resolution of this matter so that he can file his proposed a motion for recusal would be a waste of the parties' resources—and the Court's.

Hall has also filed a motion for a sixty day extension of time to respond to the defendants' motion. [Record No. 229] In support, he states that his aunt, Rozena Grant, recently passed away. [*Id.*] The death of a family member can, of course, constitute "good cause" for extending the deadline by which a party must act. Fed. R. Civ. P. 6(b). However, it appears that, contrary to Hall's representation to the Court, he was not actually related to Ms. Grant, although he was an honorary pallbearer at her funeral. [Record No. 230-1]

In any event, the sixty day extension that Hall requests is not reasonable. The defendants' pending motion presents a relatively narrow issue, and is largely based on the same grounds as the motion to enforce settlement and motion for costs the defendants filed over three months ago. [Record No. 220] Hall failed to respond to that motion. [*See* Record No. 223] Moreover, Hall has repeatedly failed to comply with Court-imposed deadlines, and the Court has already found that Hall's conduct "has resulted in obstruction and delay in the resolution of this action." [*Id.* at 5] Hall has now caused the parties to violate yet another Court-imposed deadline. [*Id.*; Record No. 224] Granting a sixty day extension under these circumstances to a party that has already caused such delay would be unwarranted.

Accordingly, it is hereby

**ORDERED** that Plaintiff Tristan Hall's motions to amend the Court's prior Order and for an extension of time [Record Nos. 228, 229] are **DENIED**. The defendants' motion to dismiss and renewed motion for costs stands submitted.

This 27th day of February, 2018.


Signed By:
*Danny C. Reeves* DCR
United States District Judge