UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| TRISTAN JAMES HALL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 16-304-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CITY OF WILLIAMSBURG, | ) | **MEMORANDUM OPINION** |
| KENTUCKY, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Defendants City of Williamsburg, Kentucky, and Wayne Bird's motion to dismiss and renewed motion for costs. Plaintiff Tristan Hall has not filed a response to the defendants' motion, and the motion may be granted for this reason alone. *See* Local Rule 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion."); *Humphrey v. United States Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (recognizing that when a party fails to respond to a motion the court may assume that opposition is waived and grant the motion). Additionally, the Court has fully reviewed the motions, and they will be granted for the reasons that follow.

Plaintiff Tristan Hall and Defendants Wayne Bird and City of Williamsburg, Kentucky, agreed to settle this case on October 16, 2017. [*See* Record No. 220-1] The defendants filed a notice of settlement with Hall's permission that same day, and the Court ordered the parties to tender a proposed Agreed Order of Dismissal by November 16, 2017. [Record No. 219] Hall subsequently failed to comply with the parties' settlement agreement, and his actions prevented the parties from tendering a proposed Agreed Order of Dismissal as directed. [*See*

Record No. 220] The defendants then filed a motion to enforce the parties' settlement. The Court found that the parties had reached a clear and unambiguous agreement on all material terms and were bound to the settlement agreement, despite the fact that Hall refused to sign the release or Agreed Order of Dismissal. *See RE/MAX Intern., Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001). Accordingly, the Court entered an Order enforcing the parties' settlement agreement on January 26, 2018, and directed them to tender an Agreed Order of Dismissal within fifteen days. [Record No. 223]

The Court found that Hall's refusal to adhere to the parties' settlement agreement was not done in good faith. [*Id.* at 4] However, at that point, it was possible that the parties simply disagreed over whether a settlement had occurred, and that Hall would adhere to the settlement agreement once that issue was resolved. [*See id.* at 4-5] Accordingly, the Court denied the defendants' motion for recovery of the costs incurred in filing their motion to enforce the settlement. *See Tocci v. Antioch Univ.*, 967 F. Supp. 2d 1176, 1201 (S.D. Ohio 2013) ("[A] party seeking enforcement of a settlement agreement is not entitled to attorneys' fees simply because the parties disagree over whether a settlement occurred."). However, the Court advised the parties that the defendants could renew their motion for costs if Hall failed to comply with the parties' settlement agreement and the Order enforcing it. [Record No. 223, p. 5]

Hall immediately made clear that he intended to ignore the Court's Order, and would continue to violate the terms of the settlement agreement he voluntarily entered into, stating that he "won't be signing anything." [Record No. 224-1] As a result, the defendants moved to dismiss this action and renewed their motion for costs. [Record No. 224]

"Under Rule 41(b) of the Federal Rules of Civil Procedure, when a plaintiff fails to comply with any order of the court, the defendant may move for dismissal of the action." *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1094 (6th Cir. 1994). However, "dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists . . . and a lesser sanction would not better serve the interests of justice." *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 232-33 (6th Cir. 1983) (quoting *Gonzales v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)) (quotation marks omitted). "Contumacious conduct refers to behavior that is 'perverse in resisting authority and stubbornly disobedient.'" *Carpenter v. City of Flint*, 723 F.3d 700, 704-05 (6th Cir. 2013) (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (internal quotations omitted). "The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Id.* (quoting *Tung–Hsiung Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (internal quotation marks and alterations omitted). In general, a Rule 41(b) dismissal "operates as an adjudication upon the merits." Fed. R. Civ. Pro. 41(b).

Dismissal on the merits is appropriate under the facts presented. Hall has repeatedly disregarded Court Orders and deadlines. [*See* Record Nos. 207, 212, 220, 224] He previously disobeyed the Court's Order to fully respond to the defendants' discovery requests, and obstructed discovery by failing to attend his own deposition. [*See* Record No. 223] He then entered into a settlement agreement with the defendants, consented to their notifying the Court, and assured them that he had sent the required documents—only to attempt to renege in bad faith. [*Id.*] And he has now twice failed to comply with Court Orders to tender an Agreed Order of Dismissal. [*See* Record Nos. 223, 224] Considering the stage of this litigation and

the nature of the Order that Hall has disobeyed, dismissal is appropriate, and there is no lesser sanction that would better serve the interests of justice.

Further, as the Court previously explained, "[t]he attempt to repudiate or alter the terms of an agreement after settlement may justify an award of attorneys' fees to the party who, as a result, expends subsequent resources to enforce or defend the agreement." *Tocci*, 967 F. Supp. 2d at 1201. An award attorney's fees is appropriate if the Court finds that a party "'willfully-abused judicial processes by conduct tantamount to bad faith.'" *Jaynes*, 20 F. App'x at 427 (quoting *Jones v. Continental Corp.*, 789 F.2d 1225, 1229 (6th Cir. 1986)) (internal quotations and alterations omitted). However, a court "must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).

Here, the Court has already found that "Hall's refusal to adhere to the parties' settlement agreement was done not in good faith." [Record No. 223] Hall's bad faith conduct made it necessary for the defendants to file a motion to enforce the settlement agreement, and to incur costs in the amount of $1,687.50. [*See* Record No. 224-2] Although the Court granted the defendants' motion to enforce the settlement agreement, Hall was given an opportunity to avoid the imposition of costs by tendering an Agreed Order of Dismissal within fifteen days. [Record No. 223, p. 5] Instead, he continued his bad faith conduct by stating that, despite the Court's Order, he "won't be signing anything." [Record No. 224-1] The defendants were thus forced to file a motion to dismiss and renewed motion for costs, incurring additional costs in the amount of $1,353.00. [*See* Record No. 224-2] Because Hall's bad faith conduct has forced the defendants to expend resources to enforce and defend the parties' settlement agreement, these costs will be fully assessed against Hall.

Finally, the requirements of due process have been satisfied in this case. Hall was given the time provided in the Local Rules and Federal Rules of Civil Procedure to respond to both the defendants' initial and renewed motions for costs. However, he failed to timely respond to either motion. He was warned that failure to comply with the settlement agreement and the Court's Order enforcing it may result in the imposition of costs. [Record No. 223, p. 5] And the defendants have attached the required affidavit quantifying the attorney fees and costs incurred as a result of Hall's failure to comply with the parties' agreement. [Record Nos. 223, 224-1] Accordingly, it is hereby

**ORDERED** as follows:

1. The defendants' motion to dismiss [Record No. 224] is **GRANTED**. The claims asserted by Plaintiff Tristan Hall against Defendants Wayne Bird and City of Williamsburg, Kentucky, are **DISMISSED**, with prejudice, in their entirety.

2. The defendants' renewed motion for costs [Record No. 224] is **GRANTED**. The defendants will be awarded attorney's fees and costs in the amount of $3,040.50.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding Judgment shall be entered this date.

This 27th day of February, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge